0109

F.M.P., INC., Respondent, v. MYRTLE BEACH FARMS COMPANY, INC., and The City of Myrtle Beach, Appellants.

(313 S. E. (2d) 357)

Court of Appeals

---

*Claude E. Epps, Jr.*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for appellant Myrtle Beach Farms Co., Inc.*

*Julius W. McKay* and *William C. Cleveland,* both of *McKay & Guerard,* Columbia, *for appellant The City of Myrtle Beach.*

*J. M. Long, Jr.,* Myrtle Beach; and *Kenneth T. Hagreen,* Surfside Beach, *for respondent.*

Heard Dec. 5, 1983.

Decided March 2, 1984.

GARDNER, Judge:

Respondent F.M.P., Inc. owns two ocean front lots fronting on Ocean Boulevard in Myrtle Beach, S. C. Between the two lots is located a tract of land fronting on Ocean Boulevard 100 feet and running back in uniform width 175 feet to the Atlantic Ocean; this tract of land is the subject of this litigation. Respondent by its complaint alleges it acquired title to this tract of land by adverse possession. The case was referred to the Master in Equity for Horry County. It was agreed by the parties that his order of judgment would be appealed directly without decision by the circuit court. The Master entered judgment for respondent. We reverse and remand.

The respondent brought this action against Myrtle Beach Farms, Inc.; the complaint sets forth the chain of title, alleges respondent and its predecessors in title had occupied the subject tract of land with all of the elements of adverse possession for more than forty (40) years and prays that the court declare respondent to be the fee simple owner of the subject land by adverse possession.

Myrtle Beach Farms, by its answer, denies the allegations of the complaint pertaining to adverse possession, alleges that the subject land was dedicated to and accepted by the City of Myrtle Beach as a public street or a walkway and that the respondent had no standing to assert adverse possession against the City; the answer additionally contained a cross-complaint against the City of Myrtle Beach, which alleged that the City of Myrtle Beach accepted the dedication of the subject land as a public street and/or walkway and denies that respondent has acquired title by adverse possession. The answer and cross-complaint were served on the respondent and the City of Myrtle Beach on March 8, 1979.

The matter was referred to the Master in Equity. At that time Myrtle Beach moved before the Master to be made a party-defendant. The Master issued an order on October 4, 1979, simply joining Myrtle Beach as a party-defendant. This order did not provide for service of a summons on the City of Myrtle Beach nor the time within which the City was to file an answer.

At the hearing, but prior to taking testimony, the respondent moved for default judgment against the City of Myrtle Beach. The Master allowed the City to file a general denial but that only; the City then filed a general denial and an additional affirmative defense of dedication and acceptance of the subject land.

On December 30, 1980, the Master in Equity issued its order in which it found the City of Myrtle Beach had failed to timely file an answer and thereby was precluded from raising as a defense that the property in question had been dedicated to it and was not subject to adverse possession. The Master refused to consider any of the evidence concerning dedication and acceptance presented at the hearing by the City of Myrtle Beach and held that the respondent had gained title to the property by adverse possession.

Appellants assert that the Master erred in holding that the City of Myrtle Beach was in default.

The City of Myrtle Beach was not named as a party-defendant by respondent in the original complaint; thus the provision of Section 15-15-70, S. C. Code of Laws (1976), which requires answer to a cross-complaint served by a co-defendant on a co-defendant, does not apply to this situation. Additionally, when on its own motion, the City of Myrtle Beach was made a party-defendant, the order joining the City as a co-defendant, did not require the City to plead to the cross-compliant nor specify a time within which to plead. Since § 15-15-70 is not applicable because the City was not a party-defendant when served with the cross-complaint and since there is no order requiring responsive pleadings, Myrtle Beach could not have been in default. The Master's holding the City in default is reversible error.

Serious questions are presented by the record about dedication of the subject property to the City and the possible abandonment of the subject property by the City. We remand for the purpose of permitting the City to introduce such evidence as it has pertaining to the dedication of this property to the City and its acceptance, with the provision that the respondent be permitted to offer evidence of abandonment by the City.

For the foregoing reasons the case is reversed and remanded.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.